**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| MARIA JEAN COVARRUBIAS,<br><br>Plaintiff,<br><br>v.<br><br>MIDWAY CHEVROLET,<br>CHEVROLET CUSTOMER SERVICE,<br>GENERAL MOTORS FINANCIAL,<br>CHEVROLET BRAND,<br>GENERAL MOTORS COMPANY HEADQUARTERS,<br>AZ DEPARTMENT OF TRANSPORTATION,<br>CITY OF YUMA CITY HALL,<br>STATE OF ARIZONA,<br>STATE OF MICHIGAN,<br>STATE OF NEW YORK,<br>TESLA MANUFACTURER AND SPACEX PROGRAM,<br>DUPONT COMPANY (GLOBAL HEADQUARTERS),<br>BERKSHIRE HATHAWAY,<br>BERKSHIRE HATHAWAY AUTOMOTIVE GROUP,<br>GENERAL ELECTRIC COMPANY,<br>EDISON INTERNATIONAL,<br>GE AEROSPACE,<br>COURTESY ALLSTATE,<br><br>Defendants. | ) | No. 4:26-cv-00206-TWP-KMB |

**ORDER DENYING MOTION FOR PRELIMINARY PAYMENT, SCREENING COMPLAINT, DIRECTING ENTRY OF FINAL JUDGMENT, AND DENYING REMAINING MOTIONS AS MOOT**

On August 12, 2026, *pro se* Plaintiff Maria Jean Covarrubias ("Covarrubias") initiated this civil action by filing her Complaint (Dkt. 1) and a Motion for Preliminary Payment or, in the Alternative, Payment Within Three Months of the Filing of the Complaint (Dkt. 2), which the Court construes as containing a request to proceed *in forma pauperis* without prepaying the

$405.00 filing fee. Covarrubias subsequently filed a Motion Regarding the Symbolic and Moral Framework of the Case (Dkt. 3), and three Motions seeking leave to file evidence and/or supplements (Dkt. 7; Dkt. 20; Dkt. 28).

This matter is now before the Court for a ruling on Covarrubias's Motion for Preliminary Payment and for screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court **denies** the Motion for Preliminary Payment, **dismisses this action and directs the entry of final judgment**, and **denies** Covarrubias's remaining motions as moot.

## I. DISCUSSION

### A. Motion for Preliminary Payment

In her Motion for Preliminary Payment (Dkt. 2), Covarrubias primarily requests expedited payment of her requested damages, which is **denied** as procedurally improper and premature. Covarrubias' Motion also explains that she is experiencing financial hardship. To the extent Covarrubias's Motion can be construed as containing a request to proceed *in forma pauperis*, that request is **denied** because the Motion does not contain sufficient information about Covarrubias's income, assets, and expenses to determine whether she qualifies to proceed *in forma pauperis*.

Even though the $405.00 filing fee remains outstanding, the Court will proceed with screening Covarrubias's Complaint.

### B. Screening Standard

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

**C. <u>Dismissal of the Complaint</u>**

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003). For the reasons explained below, there is a complete absence of a plausible federal claim alleged in the complaint, and "[t]he Supreme Court has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts. . . ." *Crowley Cutlery Company v. United States*, 849 F.2d 273 (7th Cir. 1988).[1]

[1] Earlier this year, Covarrubias filed a substantially similar complaint in the Eastern District of Virginia, which was dismissed by that court on screening. *See* Order, *Covarrubias v. Midway Chevrolet*, No. 1:26-cv-1503 (E.D. Va. July 13, 2026). Covarrubias's Complaint here is dismissed for the same reasons.

Although Covarrubias's 31-page Complaint is afforded a liberal construction, it is largely incomprehensible. Covarrubias names eighteen defendants, including several automotive manufacturers, municipalities, and states, but it is unclear why they are named or what claims Covarrubias is asserting against them. The Complaint does not identify any legal claims and instead includes only a "Part I," which alleges miscellaneous information about the defendants, and "Part II – Topsy the Elephant and Martha the Passenger Pigeon," which lists irrelevant information about non-parties. The Complaint alleges no intelligible causes of action against any defendant. Nor does the Complaint identify any basis for federal jurisdiction; Covarrubias does not identify a federal statute or constitutional claim that would create federal question jurisdiction, and she does not identify a claim for more than $75,000.00 between citizens of different states that could create diversity jurisdiction. Indeed, Covarrubias alleges, "I don't know the legal basis for these." (Dkt. 1 at 5).

In sum, even construing Covarrubias's Complaint liberally, the Court is unable to discern any plausible claim against any defendant. Dismissal for lack of subject matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974); *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 359 (1959)). That is the case here. The Court empathizes with the difficulties and trauma that Covarrubias has experienced, but the claims in her Complaint are so implausible that they cannot form the basis of a federal claim. Accordingly, the federal court lacks jurisdiction to hear this case.

In addition, this action must be dismissed for improper venue. As best the Court can tell, the events giving rise to this lawsuit relate to Covarrubias's childhood and the trade-in of Covarrubias's Chevrolet vehicle at a car dealership, all of which appears to have occurred in Arizona (Dkt. 1 at 5–7). Under 28 U.S.C. § 1391(b), a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). Based on the allegations in the Complaint, the Southern District of Indiana does not fit any of the venue requirements. This action has no ties to Indiana, other than Covarrubias's current residence and her belief that Indiana is a proper "symbolic" venue. This is not enough to establish that the Southern District of Indiana is a proper venue for this action. Accordingly, the Complaint is also dismissed for lack of venue.

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co.*, 523 U.S. at 94 ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 19 L.Ed. 264 (1868))). In addition, the Court is under no obligation to allow further amendments when doing so would be futile, as it would be here. *See Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017). This action is therefore **dismissed** without leave to amend.

## II. CONCLUSION

For the reasons explained above, Covarrubias's Motion for Preliminary Payment (Dkt. 2) is **DENIED**, and this action is **DISMISSED without prejudice** for lack of subject matter

jurisdiction and lack of venue. Covarrubias's remaining motions (Dkt. 3; Dkt. 7; Dkt. 20; Dkt. 28) are **DENIED as moot** and this case is **CLOSED**.

Final judgement will issue in a separate Order.

**SO ORDERED**.

Date: 8/18/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MARIA JEAN COVARRUBIAS
1214 E. Market St. #3
New Albany, IN 47150